DANIEL K. SHECKLER
dan@cdalawyer.com
Idaho State Bar #7773
OWENS & CRANDALL, PLLC
8596 N. Wayne Drive, Suite A
Hayden, Idaho 83835
Telephone: (208) 667-8989
Facsimile: (208) 667-1939

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO, SOUTHERN DIVISION

| | |
|---|---|
| **MARY CUSACK**, as personal representative of the Estate of Scott M. Hernandez, and Guardian ad Litem for **C.L.C.**, a minor, and legal heir of the Estate of Scott M. Hernandez,<br><br>Plaintiffs,<br><br>vs.<br><br>**DEPARTMENT OF CORRECTIONS,** an Agency of the State of Idaho, **BRENT D. REINKE**, **KEVIN KEMPF**, **PAM SONNEN**, **RANDY BLADES**, **JIMMY CROSBY**, **KEN BENNET**, **VICKI HANSEN**, **JOHN OR JANE DOE # 1-10**, **JOHN OR JANE DOE # 11**, individuals who are employees of the Idaho State Department of Corrections.<br><br>Defendants. | **COMPLAINT**<br><br>Case No.<br>Judge |

Plaintiffs Mary Cusack, as personal representative of the Estate of Scott M. Hernandez and as Guardian ad litem for C.L.C. complains and alleges as follows:

**COMPLAINT: 1**

## I.     Parties and Jurisdiction

1. Scott M. Hernandez is a deceased individual who resided in Boise, Idaho prior to his tragic death. Scott M. Hernandez died while in the custody, care and supervision of the Defendants.

2. Plaintiff C.L.C. is the minor son of the decedent Scott M. Hernandez (hereinafter "Scott"), and C.L.C. is a resident of Kootenai County, Idaho at the time of filing this claim and for the six months prior to filing the notice of this claim.

3. Plaintiff Mary Cusack, is the personal representative for Scott's Estate, and is a resident of Kootenai County, Idaho at the time of filing this claim and for the six months prior to filing the notice of this claim.

4. Defendant Department of Corrections is an agency of the State of Idaho, and is liable for the wrongdoing of its employees under the doctrine of *respondeat superior*, and the Idaho Tort Claims Act.

5. Defendant Brent D. Reinke at all relevant times was the Director of the Idaho Department of Corrections, an agency of the State of Idaho, and was acting within the course and scope of his employment or duties.

6. Defendant Kevin Kempf at all relevant times was the Chief of Operations of the Idaho Department of Corrections, and was acting within the course and scope of his employment or duties.

7. Defendant Pam Sonnen at all relevant times was the Chief of the Division of Prisons of the Idaho Department of Corrections, and was acting within the course and scope of her employment or duties.

**COMPLAINT: 2**

8. Defendant Randy Blades at all relevant times was the Warden of the Idaho Maximum Security Institution, a prison operated by the Idaho Department of Corrections. At all relevant times he was acting within the course and scope of his employment and duties.

9. Defendant Jimmy Crosby at all relevant times was a Deputy Warden of the Idaho Maximum Security Institution. At all relevant times he was acting within the course and scope of his employment and duties.

10. Defendant Ken Bennet at all relevant times was a Deputy Warden of the Idaho Maximum Security Institution. At all relevant times he was acting within the course and scope of his employment and duties.

11. Defendant Vicki Hansen at all relevant times was a Clinician working at the Idaho Maximum Security Institution. At all relevant times she was acting within the course and scope of her employment and duties.

12. Defendants John or Jane Doe # 1-10 were correctional officers or employees of the Idaho Department of Corrections. At all relevant times they were acting within the course and scope of their employment and duties.

13. Defendant John or Jane Doe #11 was a medical doctor treating Scott M. Hernandez while he was in the custody of the Idaho Department of Corrections. Defendant John or Jane Doe # 11 was at all relevant times an employee or independent contractor of the Idaho Department of Corrections, acting within the scope of his or her employment or duties.

14. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1343, and 1367. Plaintiffs' First Claim for Relief arises under the United States Constitution and 42 U.S.C. § 1983.

Plaintiffs' Second and Third Claim for Relief forms part of the same case or controversy as the First Claim.

15. Venue is proper in this Court under 28 U.S.C. § 1391 and Local Rule 3.1.

16. Plaintiffs timely served Notice of Claim documents as required by the Idaho Tort Claims Act, Idaho Code § 6-907. Over ninety (90) days have passed, and defendants have not responded. Therefore, plaintiffs' claim is deemed denied under Idaho Code § 6-909, and plaintiffs commence this action consistent with Idaho Code § 6-910.

## II.    General Allegations

17. Scott was an inmate in the custody of the Idaho Department of Corrections and was housed at the Idaho Maximum Security Institution located at 13400 S. Pleasant Valley Rd, Kuna, County of Ada, State of Idaho.

18. On or about October 2, 2010 Scott committed suicide while in custody; he died of asphyxiation by hanging.

19. Prior to his death, Scott M. Hernandez had advised Defendant Hansen and Defendants Doe 1-10 that he needed help and/or that he was suicidal.

20. Scott M. Hernandez had a prior documented history of mental illness, suicide attempts, and/or suicide ideation in his clinical record and/or contained within his Department of Corrections file.

## III.    First Claim

## Violation of Civil Rights

21. Plaintiffs incorporate herein all other paragraphs of this Notice of Tort Claim as if set forth herein.

**COMPLAINT: 4**

22. Defendant Hansen and Defendants Doe 1-10 knew or should have known of Scott M. Hernandez's suicidal tendencies or mental illness. These factual allegations against one or more defendants will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

23. Defendant Hansen and Defendants Doe 1-10 were deliberately indifferent to Scott M. Hernandez's suicidal tendencies or mental illness and did not seek or provide mental health treatment or undertake adequate suicide prevention measures on Scott's behalf.

24. Defendant Hansen and Defendants Doe 1-10 were deliberately indifferent to inmates threatening and verbally assaulting Scott while Scott was housed in a cell.

25. Defendant Hansen and Defendants Doe 1-10 freed Scott to remain in his cell without adequate supervision, and with tools or implements they knew or reasonably should have known could cause his death, knowing inmates were threatening him and verbally assaulting him.

26. As a direct and proximate result, and/or as a substantial contributing factor, of Defendant Hansen's and/or Defendants Doe 1-10's deliberate indifference, Scott died wrongfully and untimely.

27. Defendants Reinke, Kempf, Sonnen, Blades, Crosby, and Bennet (hereinafter "supervising Defedants")supervised Department of Corrections employees.

28. The supervising Defendants were responsible for making and/or implementing and/or overseeing policies, procedures or practices within the Department of Corrections. These factual allegations against one or more defendants will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

29. Over a several year period, multiple inmates have committed suicide while in custody at the Department of Corrections.

30. Said policies, procedures or practices were inadequate to prevent suicides within the Department of Corrections. Existing policies, procedures or practices created a substantial risk of bodily harm.

31. Or in the alternative, said policies or procedures were not being followed or complied with, and said supervising Defendants either knew or should have known of such non-compliance, and they were deliberately indifferent that such non-compliance with established policies or procedures would result in substantial bodily harm to inmates and/or Scott. These factual allegations against one or more defendants will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

32. Despite multiple suicides occurring within the facilities, the supervising Defendants failed to make significant changes to policies, procedures or practices to improve suicide prevention, and/or failed to enforce said policies or procedures.

33. Significant changes to said policies, procedures, or practices were necessary to prevent suicides that were highly likely and/or likely to occur, such as the suicide of Scott.

34. By failing to make significant changes, the supervising Defendants were deliberately indifferent to inmates needs for suicide prevention.

35. As a direct and proximate result of the supervising Defendants' failure to implement appropriate policies, procedures, or practices, Scott died wrongfully and untimely. In the alternative, this was a substantial contributing factor to his death.

**COMPLAINT: 6**

36. Scott had an Eighth Amendment right incorporated through the due process clause of the Fourteenth Amendment to be free from cruel and unusual punishment—said constitutional right protects him from harm from other inmates, and entitles him to adequate medical care and mental health care while in custody.

37. At all relevant times, the above-named Defendants subjected or caused Scott to be subjected to the deprivation of said constitutional rights in the manner set forth above.

### IV.     Second Claim

### Professional Malpractice; Wrongful Death

38. Plaintiffs incorporate herein all other paragraphs of this Notice of Tort Claim as if set forth herein.

39. Defendant Hansen is a resident clinician at Idaho Maximum Security Institution.

40. Defendant Hansen had a duty to provide reasonable mental health treatment to Scott and/or refer him to an appropriate provider.

41. Defendant Hansen breached her duty of care in her profession, and through gross negligence or reckless, willful and wanton conduct failed to provide appropriate mental health treatment to Scott and/or refer him to an appropriate provider.

42. As a direct and proximate result of Defendant Hansen's gross negligence or reckless, willful and wanton conduct, Scott M. Hernandez died wrongfully and untimely.  In the alternative, this was a substantial contributing factor to his death.

43. Defendant John or Jane Doe # 11 is a licensed medical doctor practicing his or her profession in Ada County, Idaho.

44. Scott was a patient of John or Jane Doe.

**COMPLAINT: 7**

45. Defendant John or Jane Doe # 11 owed a duty to exercise reasonable care in treating Scott M. Hernandez.

46. Defendant John or Jane Doe # 11 deviated from the applicable local community standard of care. This factual allegation will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

47. Defendant John or Jane Doe # 11 exhibited gross negligence or reckless, willful and wanton conduct in failing to appropriately treat Scott M. Hernandez's mental illness. This factual allegation will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

48. Such deviation from the applicable local community standard of care and/or gross negligence or reckless willful and wanton conduct was a direct and proximate cause of Scott M. Hernandez's untimely and wrongful death.  In the alternative, this was a substantial contributing factor to his death.

49. The Plaintiffs hereby allege that the Department of Corrections, in addition to the named Defendants, is liable for this claim under the doctrine of *respondeat superior*, and the Idaho Tort Claims Act .

## V.   Third Claim,

### Negligence, Wrongful Death

50. Plaintiffs incorporate herein all other paragraphs of this Notice of Tort Claim as if set forth herein.

51. Defendants John or Jane Doe #1-10 were responsible for the safety of Scott M. Hernandez, and owed him a duty to protect him from harm.

52. Defendants John or Jane Doe #1-10 breached their duty of care by negligently, and/or grossly negligently, and/or recklessly, willfully, and wantonly, failing to appropriately monitor Scott, and/or protect him from self-harm, and/or threats of other inmates. These factual allegations against one or more defendants will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

53. As a direct and proximate result of said breach, Scott died wrongfully and untimely. In the alternative, this was a substantial contributing factor to the death.

54. The Plaintiffs hereby allege that the Department of Corrections, in addition to the named Defendants, is liable for this claim under the doctrine of *respondeat superior*, and the Idaho Tort Claims Act.

### VI.    Damages

55. C.L.C. has suffered damages for the tragic and untimely death of his father including the following: pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of material care, loss of economic support, loss of attention, loss of advice, loss of training, loss of counsel, loss of guidance, and destruction of the parent/child relationship.

56. The Estate of Scott Hernandez has suffered damages for Scott's tragic and untimely death, pain and suffering prior to death, mental anguish prior to death, complete loss of enjoyment of life, medical expenses, funeral and burial or cremation expenses, economic loss, and lost income and lost future income.

57. C.L.C. and the Estate of Scott Hernandez claim punitive damages in an amount to be awarded at trial. Facts to support punitive damages against one or more defendants

**COMPLAINT: 9**

will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

a. Under plaintiffs' First Cause of Action: general, special and punitive damages in an amount to be proved at trial;

b. Under plaintiffs' Second Cause of Action: general, special and punitive damages in an amount to be proved at trial;

c. Under plaintiffs' Third Cause of Action: general, special, and punitive damages in an amount to be proved at trial;

d. Attorney's fees under 42 U.S.C. § 1985;

e. Pre-judgment interest and post-judgment interest; and

f. Such other and further relief as the Court deems proper.

DATED this 30th day of June, 2011.

                                              OWENS AND CRANDALL, PLLC

                                              /s/_____
                                              Daniel K. Sheckler, ISB#7773

**COMPLAINT: 10**