Michael J. Elia (5044)
MOORE & ELIA, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031

Attorneys for Defendants Department of Corrections, Brent D. Reinke, Kevin Kempf, Pam Sonnen, Randy Blades, Jimmy Crosby, Ken Bennett, and Vicki Hansen

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY CUSACK, as personal representative of the Estate of Scott M. Hernandez, and Guardian ad Litem for C.L.C., a minor, and legal heir of the Estate of Scott M. Hernandez,<br><br>    Plaintiff,<br>vs.<br><br>DEPARTMENT OF CORRECTIONS, an Agency of the State of Idaho, BRENT D. REINKE, KEVIN KEMPF, PAM SONNEN, RANDY BLADES, JIMMY CROSBY, KEN BENNET, VICKI HANSEN, JOHN OR JANE DOE #1-10, JOHN OR JANE DOE # 11, individuals who are employees of the Idaho State Department of Corrections.<br><br>    Defendants | Case No: CV- 11-00303-REB<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL/MOTION TO STRIKE** |

COME NOW, Defendants Idaho Department of Corrections, Brent D. Reinke, Kevin Kempf, Pam Sonnen, Randy Blades, Jimmy Crosby, Ken Bennett, and Vicki Hansen, by and through their counsel of record, Moore & Elia, LLP, and submit this memorandum in support of their Motion to Dismiss/Motion to Strike.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails to "state a claim upon which relief can be granted". The question before the Court is not whether the plaintiff will ultimately prevail; rather, it is whether the plaintiff could prove any set of facts in support of his claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A complaint should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

The court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); S*ee also Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences". *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Under Federal Rule of Civil Procedure 12(f), the Court 'may order stricken from any pleading ... any redundant, immaterial, impertinent or scandalous matter.' *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D.Cal.1996). When considering a motion to strike, courts must view the pleading in the light more favorable to the pleader. *See Lazar v. Trans Union LLC,* 195 F.R.D. 665, 669 (C.D.Cal.2000). Moreover, a court must deny the motion to strike if any doubt exists whether the allegations in the pleadings might be relevant in the action. *In re 2TheMart.com. Inc. Sec. Lit.,* 114 F.Supp.2d 955, 965 (C.D.Cal.2000).

## II. COUNTS II AND III SHOULD BE DISMISSED AS TO BRENT D. REINKE, KEVIN KEMPF, PAM SONNEN, RANDY BLADES, JIMMY CROSBY, KEN BENNETT, AND VICKI HANSEN

As a preliminary matter, Plaintiff's failure to post a bond pursuant to Idaho Code § 6-610 does not bar her § 1983 cause of action against the officers. See e.g. *Hyde v. Fisher*, 143 Idaho 782, 152 P.3d 653 (2007). Consequently, Defendants are not asking this Court to dismiss Plaintiff's first claim brought against the individual Defendants at this time. However, Defendants submit that Idaho Code § 6-610 guides this Court to dismiss the Plaintiff's state causes of action as against these individual Defendants.

Idaho Code § 6-610 requires that a plaintiff post a bond before a civil action may be filed against "any law enforcement officer" for conduct arising out of and in the course and scope of the officer's employment. *I.C. § 6-610(2)*.

"(L)aw enforcement officer," is defined to include three categories of people. The first category is "any court personnel, sheriff, constable, peace officer, state police officer, correctional, probation or parole official, prosecuting attorney, city attorney, attorney general, or their employees or agents, or any other person charged with the duty of enforcement of the criminal, traffic or penal laws of this state." The second category is "any other law enforcement personnel." The third category is a "peace officer as defined in chapter 51, title 19, Idaho Code." Each of the individual Defendants, from Director Reinke to Vicki Hansen, qualify as a correctional official or employee or agent thereof, and therefore are entitled to the protection of Idaho Code § 6-610.

The purpose of the bond is to ensure diligent prosecution of the lawsuit and the payment of all costs and expenses, including a reasonable attorney's fee that may be awarded against the plaintiff. *I.C. § 6-610(2)*. Posting of a bond is a mandatory condition precedent to bring suit. See e.g. *Pigg v. Brockman*, 79 Idaho 233, 238, 314 P.2d 609, 611 (1957); *Monson v. Boyd*, 81 Idaho 575, 578, 348 P. 2d 93, 94 (1959). If the plaintiff does not file the bond, and the defendant law enforcement officer objects, the action to be taken by the court is clear and inescapable: "the judge shall dismiss the case." *I.C. § 6-610(5)* (emphasis added). See also, *Greenwade v. Idaho State Tax Com'n*, 119 Idaho 501, 503 808 P.2d 420, 422 (Idaho Ct. App. 1991); *Pigg*, 79 Idaho at 238 314 P. 2d at 611 (1957). The Idaho Supreme court has most recently confirmed the principle of a mandatory dismissal in the case of *Allied Bail Bonds, Inc. v. Kootenai County*, 2011 WL 2652475 (July 8, 2011). (Attached).

In the Idaho Federal District Court Case of Lewis v. City of Nampa, Case No. CV-04-502-S-EJL, a plaintiff brought a tort claim under the ITCA against the City of Nampa, Canyon County, Nampa city police officers, and the Canyon County sheriff. In his Memorandum Decision and Order dated February 8, 2006, Idaho Federal District Court Judge Edward J. Lodge held the following;

> …Plaintiff failed to comply with the mandatory bond requirements when suing peace officers under Idaho Code 6-610. See *Greenwade v. Idaho State Tax Commission*, 119 Idaho 501, 808 P. 2d 420 (Ct. App. 1991) … Based upon these fatal defects to Plaintiff's state law claims, the Court need not address the immunity argument raised by Defendants. The state law claims are dismissed against all Defendants.

A decision by Idaho Federal Magistrate Judge Mikel H. Williams is also instructive. Referring to the Idaho case of *Monson v. Boyd*, 81 Idaho 575, 348 P.2d 93, (1959), *Pigg v. Brockman*, 79 Idaho 233, 314 P.2d 609 (1957), and *Greenwade v. Idaho State Tax Commission*,

119 Idaho 501, 808 P.2d 420 (1991), Judge Williams held that the bond requirement was applicable and mandated a dismissal of the action:

> The failure to post a bond may be raised by a defendant and objected to "at any time during the course of a civil action against a law enforcement officer." Idaho Code § 6-610(4). In that event, "the judge *shall* dismiss the case." Idaho Code § 6-610(5) (emphasis added). Pursuant to this express statutory language, the Court is constrained from allowing Plaintiffs the opportunity to cure the defect of having previously failed to file a bond by allowing them to now amend their complaint. Accordingly, the motion to amend the…complaint must be denied. In addition, the Defendants'' motion for summary judgment as a Plaintiffs' third claim, as alleged under state law, must be granted and the claim will be dismissed…

Memorandum Decision and Order dated December 5, 2005, at p.5, *Chaffin v. Shoshone County*, Case No. CV-03-455-N-MHW.

In this case Plaintiff has failed to post a bond prior to the initiation of this lawsuit and service of the Complaint. Defendants request the Court dismiss Count II (professional malpractice; wrongful death) and Count III (negligence; wrongful death) as to Brent D. Reinke, Kevin Kempf, Pam Sonnen, Randy Blades, Jimmy Crosby, Ken Bennett, and Vicki Hansen.

### III. PLAINTIFF'S CLAIM FOR NON-ECONOMIC DAMAGES AS TO THE ESTATE OF SCOTT HERNANDEZ SHOULD BE STRICKEN.

Under Idaho and common law, personal injuries abate with the death of either party *Stucki v. Loveland,* 94 Idaho 621, 622, 495 P.2d 571, 572 (1972); *Kloepfer v. Forch,* 32 Idaho 415, 418, 184 P. 477, 477-78 (1919). The common law rule has been modified to a small extent by the Idaho Legislature. Idaho Code § 5-311 authorizes a wrongful death action for heirs or personal representatives when the wrongful act or neglect of another caused the decedent's death. This statute does not allow a decedent's claim to survive, but creates a new cause of action in favor of heirs or personal representatives. *Vulk v. Haley,* 112 Idaho 855, 858, 736 P.2d

1309, 1312 (1987). The *Vulk* court held that "since pain and suffering are personal to the deceased and are not damages suffered by survivors, an action for pain and suffering under Idaho Code § 5-311 does not survive death. *Vulk*, 112 Idaho at 858, 736 P.2d, at 1312.

42 USC §1983 actions survive for the benefit of an estate only if the law of the forum state creates such a survival action. *Robertson v. Wegmann*, 436 U.S. 584 (1978). See also, *Davis v. Or. State Univ.*, 591 F.2d 493, 498 (9th Cir. 1978); *Jaco v. Bloechle,* 739 F.2d 239, 241 (6th Cir. 1984); *Parkerson v. Carrouth*, 782 F.2d 1449, 1451, n. 3 (8th Cir. 1986); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 898 (7th Cir. 1997); *Grandbouche v. Clancy*, 825 F.2d 1463 (10th Cir. 1987). Because there is no federal survival statute, the federal courts must apply the law of the forum state. *See* 42 U.S.C. §1988. Plaintiffs chose to file this action in U.S. District Court for the District of Idaho. Therefore, Idaho is the forum state and this Court must apply Idaho's survival and wrongful death statutes to Plaintiff's 1983 claim.

Paragraph 56 of Plaintiff's Complaint claims damages for "pain and suffering prior to death, mental anguish prior to death, (and) complete loss of enjoyment of life". These claims do not survive in a wrongful death cause of action, and should be stricken from the Complaint.

IV. **PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES AS TO ALL DEFENDANTS ON COUNTS II AND III OF HER COMPLAINT SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH IDAHO CODE § 6-918.**

Idaho Code § 6-918 provides that governmental entities and their employees shall not be liable for punitive damages on any claim allowed under the provisions of the Tort Claim Act. Each of the Defendants are either a governmental entity, or an employee of a governmental entity.

Plaintiff's Prayer for Judgment (page 10 of the Complaint) makes a claim for punitive

damages for the second and third causes of action.  As these causes of action are made under the laws of the State of Idaho for which punitive damages are not allowed, Defendants request that the Court strike those punitive damage claims.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Court grant their Motion to Dismiss and Motions to Strike portions of the Complaint.

DATED this 3rd day of August, 2011

                              MOORE & ELIA, LLP

                              By: _____
                              Michael J. Elia, Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August, 2011, I served a true and correct copy of the foregoing document, by the method indicated below, and addressed to the following:

Daniel K. Sheckler
OWENS & CRANDALL, PLLC
8596 N. Wayne Drive, Suite A
Hayden, Idaho 83835

_____ U.S. Mail, postage prepaid
_____ Hand Delivered
_____ Overnight Mail
_____ Fax Transmission 208-667-1939
__✓__ ECF/PACER

MOORE & ELIA, LLP

_____
Michael J. Elia