UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY CUSACK, et al.,<br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>IDAHO DEPARTMENT OF<br>CORRECTIONS, et al.,<br>　　　　　　　Defendants. | Case No. 1:11-cv-00303-REB<br><br>**ORDER WAIVING BOND REQUIREMENT** |

　　　　Pending before the Court is Plaintiffs' Petition to Waive or Set Bond. (Dkt. 32). Idaho Code Section 6-610 requires plaintiffs to post a bond "[b]efore any civil action may be filed against any law enforcement officer . . . when such action arises out of, or in the course of the performance of his duty . . . ." Plaintiffs intend to move to amend their Complaint to allege two causes of action for which a bond is required. However, Idaho law allows a court to "authorize the commencement . . . of any action without prepayment of fees, costs or security," if it finds, after inquiry, that the plaintiff is indigent. Idaho Code § 31-3220(2).

　　　　Plaintiffs assert that they are indigent. Plaintiff Mary Cusack is the personal representative of the Scott Hernandez estate and Plaintiff CLC is a minor child in the care of Brittany Caldwell, the mother. Ms Caldwell has submitted an affidavit stating that she is on a fixed Social Security Disability income. Caldwell Aff. (Dkt. 32-1). The aggravate value of the estate from CLC's deceased father, Scott Hernandez, amounts to only $350. Ms. Caldwell has less than $100 in cash and checking accounts, and she does not own any real property, stocks,

**ORDER - 1**

bonds, or other financial instruments. She owns a vehicle, a 1992 Buick LaSabre, but holds debts for medical bills. She has averred that she is unable to give security for the bond required by Idaho Code § 6-610. *Id.* These facts demonstrate that Plaintiff CLC and is indigent and the estate of Scott Hernandez does not have any assets from which to post a bond.

Additionally, Defendants do not object to Plaintiffs' request if a guardian ad litem is appointed to represent Plaintiff CLC. Resp., p. 2 (Dkt. 40). The Court appointed Plaintiff Mary Cusack as guardian ad litem in an order issued prior to the instant order.

For all these reasons, the Court finds it well within its discretion to waive the bond required by Idaho Code § 6-610 in this case. Accordingly, Plaintiffs' Petition to Waive or Set Bond (Dkt. 32) is GRANTED.

DATED: **May 29, 2012.**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER - 2**