UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK CUSACK, et al., <br><br>             Plaintiffs, <br><br>     v. <br><br><br> BRENT REINKE, et al., <br><br>             Defendants. | Case No. 1:11-cv-00303-REB <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. 54). The Court held a telephone conference on this matter on June 19, 2013, in part, because Plaintiffs had not filed a brief in response to Defendants' Motion. (Dkt. 60). Despite this additional notice to Plaintiffs' counsel that a response brief was overdue, Plaintiffs still have not filed the required response brief in the five months since the telephone conference, nor have they filed any affidavits or a statement of disputed material facts. Accordingly, the Court will consider the only brief filed in connection with the summary judgment proceedings— Defendants' opening brief —and deems Defendants' Statement of Material Facts undisputed.[1]

---

[1] *See* D. Idaho L. Civ. R. 7.1(e)(2):
> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure shall not be

**ORDER ON MOTION FOR SUMMARY JUDGMENT- 1**

For the reasons explained below, the Court will grant Defendants' Motion for Summary Judgment. In short, the Court's independent review of the motion, record, and Defendants' supporting materials–including the facts considered undisputed–supports granting Defendants summary judgment on the only claim remaining in this case.

## BACKGROUND

Scott Hernandez, the father of Plaintiff C.L.C., committed suicide on October 2, 2010, while in the custody of Defendant Idaho Department of Corrections (the "Department"). According to Plaintiffs' Complaint, Mr. Hernandez had a documented history of mental illness, suicide attempts, and suicide ideation in his clinical record and Department file before he committed suicide. Compl. ¶ 20. Plaintiffs contend that Defendant Hansen and the Defendant Does knew or should have known of Mr. Hernandez's suicidal tendencies or mental illness, yet let Mr. Hernandez remained in his cell without adequate supervision, with tools or implements they knew or reasonably should have known could be used for suicide, and did so knowing that other inmates were threatening him and verbally assaulting him. Compl. ¶¶ 22, 25.

---

deemed a consent to the granting of said motion by the Court. However, if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the Court nonetheless may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the moving party is entitled to the granting of the motion.

**ORDER ON MOTION FOR SUMMARY JUDGMENT- 2**

In a prior Order, the court dismissed Plaintiffs' request for punitive damages and their state law claims (Counts Two and Three). Order, p. 19 (Dkt. 26). Although the dismissal was without prejudice, Plaintiffs did not file an amended complaint by the deadline or otherwise seek to renew their state law claims. Accordingly, all that remains is an Eighth Amendment claim, and Defendants request summary judgment in their favor on that claim.

## SUMMARY JUDGMENT STANDARD

A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v.. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool [ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in his favor. *See Anderson*, 477 U.S. at 256–57. The non-moving party must go beyond the pleadings and show "by

**ORDER ON MOTION FOR SUMMARY JUDGMENT- 3**

[his] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. See *Celotex*, 477 U.S. at 324.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Additionally, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003). Statements in a brief, unsupported by the record, cannot create a dispute of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396, n. 3 (9th Cir. 1995).

## DISCUSSION

Plaintiffs' Complaint was not verified and Plaintiffs have not disputed Defendants' Statement of Material Facts or filed any declarations or affidavits supporting their allegations. Accordingly, there are no genuine disputes as to any material fact remaining in this case, and the record is sufficient for the Court to decide as a matter of law whether summary judgment in favor of Defendants is appropriate on Plaintiffs' Eighth Amendment claim.

**ORDER ON MOTION FOR SUMMARY JUDGMENT- 4**

## A. Plaintiffs Have Not Provided a Factual or Legal Basis for Supervisor Liability

At the outset, Plaintiffs have not established a dispute of material fact as to the personal involvement of Defendants Reinke, Kempf, Sonnen, Blades, Crosby, and Bennett in the alleged violations. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Id.* (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984)). There are no allegations that Defendants Reinke, Kempf, Sonnen, Blades, Crosby, and Bennett participated personally in the alleged constitutional violations and no facts in the record indicating that they directed the alleged violations.[2] Thus, these Defendants are entitled to summary judgment and the only remaining claim is that against Defendant Vicki Hansen.

---

[2] Plaintiffs alleged that these Defendants supervised Department of Corrections employees and "were responsible for making and/or implementing and/or overseeing policies, procedures or practices within the Department of Corrections", but stated in the Complaint that "[t]hese factual allegations against one or more defendants will likely have evidentiary support after a reasonable opportunity for further investigation or discovery". Complaint, ¶¶ 27-28. Plaintiffs have not submitted any evidentiary support for these allegations or any others.

**ORDER ON MOTION FOR SUMMARY JUDGMENT- 5**

## B.     Plaintiffs Have Not Provided a Factual Basis for Their Eighth Amendment Claim Against Hansen

The general requirements of a § 1983 claim are (1) a deprivation of the claimant's constitutionally-protected right, privilege, or immunity, by (2) a person acting under color of state law.  *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988).  Here, Plaintiffs allege an Eighth Amendment violation, *i.e.*, that officials were deliberately indifferent to serious medical needs of Scott Hernandez, a person in custody.  *See Gibson v. Cy. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002).  Specifically, Plaintiffs allege that Hansen was deliberately indifferent to Scott Hernandez's "suicidal tendencies or mental illness and did not seek or provide mental health treatment or undertake adequate suicide prevention measures on Scott's behalf."  Compl. (Dkt. 1).

To state a claim of deliberate indifference, Plaintiffs must allege both that the Defendant knew of a serious medical need, and disregarded it by failing to adequately respond.  *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017–18 (2010).  Under this standard, the Plaintiffs must meet both an objective and a subjective requirement.  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.2004).  To satisfy the objective requirement, the Plaintiffs must show a serious medical need or "substantial risk of serious harm."  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010).

Although Mr. Hernandez informed Department of Correction employees through a mental health evaluation in 2007 that he had suicidal thoughts in the past, he also said he

had not had them since his child was born (which occurred a few months before that evaluation). Defs.' St. Facts, ¶ 2 (Dkt. 54-1). He was placed on suicide watch twice in 2008, after cutting his arm with a razor blade on one occasion and inflicting superficial lacerations another time; however, he admitted he did the latter in the hope of being moved to a different housing unit. *Id.* at ¶¶ 7-8. In addition to being placed on suicide watch both times, he received weekly mental health evaluations for several months. *Id.*

On October 2, 2010, more than two years Mr. Hernandez had last cut himself, he committed suicide by hanging himself. *Id.* at ¶ 12. The day before this event, Defendant Hansen spoke briefly with Mr. Hernandez. According to Hansen, Hernandez "did not indicate he was having any issues out of the ordinary at that time" and "did not exhibit any behaviors that would indicate . . . he was suicidal" at that time. Hansen Aff., ¶¶ 13-14 (Dkt. 54-4). Hernandez had an upcoming parole hearing, and had told Hansen during his Suicide Risk Assessments that "he had several reasons to look forward to the future, most importantly, that he had a son he wanted to see." *Id.* at ¶ 12. Thus, the undisputed evidence does not support that Mr. Hernandez was at substantial risk of serious harm to himself at the time when he committed suicide, two years after any incident of self-inflicted injuries.

Moreover, to the extent Hernandez was at risk, there is evidence in the record that the Department of Correction employees "were attentive to the safety of Scott Hernandez through clinician and psychologist contacts, correctional officer interaction, contract medical services contact, programming, and other staff interactions." Morgan Aff., ¶ 8

**ORDER ON MOTION FOR SUMMARY JUDGMENT- 7**

(Dkt. 54-3).  Defendants also placed Hernandez in more restrictive environments, at times, and increased supervision when needed for suicide watches and psychiatric interventions.  *Id.*

Finally, to satisfy the subjective requirement, Plaintiffs must show both that the Defendant was aware of facts from which one could infer a substantial risk of serious harm, and also that the individual Defendant actually drew that inference.  *Simmons v. Navajo County*, 609 F.3d 1011, 1017–18 (9th Cir. 2010).  "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  Where a defendant should have been aware of a risk, but was not, there is no violation.  *Gibson*, 290 F.3d at 1188.  A mere showing that a defendant acted "imprudently, wrongly, or negligently," is insufficient.  *Simmons*, 609 F.3d at 1020.  Here, even if Defendant Hanson arguably should have been aware objectively of a suicide risk at the time she spoke with Hernandez on October 1, 2010, her affidavit explains that she was subjectively not aware of a risk and details the reasons why she did not perceive a risk.

Under these circumstances, where Defendants' facts are deemed undisputed and Plaintiffs have put forward nothing for the Court to consider (other than the Complaint's bare allegations), and the supporting materials–including the facts considered undisputed–show that the moving party is entitled to the granting of the motion, summary judgment in favor of Defendants is warranted.

**ORDER ON MOTION FOR SUMMARY JUDGMENT- 8**

**ACCORDINGLY, IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 54) is GRANTED and this case DISMISSED, with prejudice.

DATED:  **November 19, 2013**.

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

**ORDER ON MOTION FOR SUMMARY JUDGMENT- 9**